**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

    vs.                                                      No. CR 07-1244 WJ

DONALD SCOTT TAYLOR

      Defendant.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING STATEMENTS OF CO-CONSPIRATORS**

**THIS MATTER** comes before the Court on the issue of whether statements of alleged co-conspirators offered against the Defendant may be admitted during the guilt/innocence phase of the trial in this case. Having considered the parties' briefs and the applicable law, I initially find that Defendant's Motion for a *James* Hearing to determine the Admissibility of Co-Conspirator Statements, filed July 6, 2009 **(Doc. 357)** is hereby granted. A *James* hearing was held on August 24, 2009 and continued on September 21, 2009. The Court has considered the testimony and evidence presented at that hearing, counsel's arguments and pleadings,[1] and herein makes findings and conclusions on the matter.

**Legal Standard**

The Federal Rules of Evidence codify the traditional rule that "a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy" is to be treated as the party's own admission and therefore as non-hearsay. Fed. R. Evid. 801(d)(2)(E); *United States v. Perez*, 989 F.2d 1574, 1577 (10th Cir. 1993) (construing "agency theory of

---

[1] Doc. 517 amends the Government's initial filings (Docs. 383 and 511). The Government also filed supplements (Docs. 427, 595 and 501) which the Court also considers.

conspiracy"). In order for a statement of a co-conspirator to be admitted as a non-hearsay statement under Federal Rule of Evidence 801(d)(2)(E), there must be a conspiracy, the statement must be made during the course of and in furtherance of the conspiracy, and the declarant and the defendant must be members of the conspiracy. *United States v. James*, 550 F.2d 575, 578 (5th Cir. 1979).

The Tenth Circuit has developed a three-part test for the admission of co-conspirator statements under Rule 801(d)(2)(E): The court must determine that (1) by a preponderance of the evidence, a conspiracy existed, (2) the declarant and the defendant were both members of the conspiracy, and (3) the statements were made in the course of and in furtherance of the conspiracy. *United States v. Johnson*, 911 F.2d 1394, 1403 (10th Cir. 1990). The existence of a conspiracy and the defendant's involvement in it are preliminary questions of fact that, under Federal Rule of Evidence 104(a), must be resolved by the Court. *Bourjaily v. United States*, 483 U.S. 171, 175 (1987). The third part of the test, whether the statements were made in the course of and in furtherance of the conspiracy, is not a preliminary question of fact at all but the final element for admission of the statements into evidence. The Tenth Circuit has approved a procedure for conducting a *James* hearing which allows as independent evidence, summary testimony of a Government agent. *U.S. v. Owens,* 70 F.3d 1118, 1125 (10th Cir. 1995). This testimony may consist of additional out-of-court statements by a coconspirator to that agent during an investigation where the agent's testimony does "more than summarize the coconspirator statements the government sought to introduce." *Id*. at 1123. Such testimony may be based upon additional information provided by co-conspirators subsequent to their agreement to cooperate with the Government regarding first-hand knowledge the co-conspirators had of the defendant's involvement in the conspiracy. *Id.* The Court followed this procedure in conducting the *James* hearing.

**General Findings**

The Court has considered Defendant's arguments that the Government has not met its burden of showing that a conspiracy existed. Defendant's position is that if statements are subject to two reasonable inferences, then those statements cannot stand for one inference over another. The Court agrees with the Government that Defendant's position is not premised on the relevant law, which is that the Government show by a preponderance of the evidence that a conspiracy existed, the declarant and the defendant were both members of the conspiracy, and that the statements were made in the course of and in furtherance of the conspiracy. Counsel may choose to argue different inferences from these statements, but that has no bearing on whether those statements meet the *James* threshold requirements as co-conspirator statements.

As a preliminary matter, the Court finds, based upon a preponderance of the evidence, that on or about June 5, 2005, Defendant Taylor entered into two connected conspiracies: the conspiracy to obtain anhydrous ammonia to manufacture methamphetamine for the benefit of the Aryan Brotherhood and the murder of Jimmy S. "Bo" Chunn in exchange for obtaining the anhydrous ammonia. Having decided this preliminary issue, the Court enters the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

<u>Existence of the Conspiracies Charged</u>

1. The Government has established the existence of the following conspiracies charged in the Superseding Indictment (Doc. 83, hereinafter, "Indictment") by a preponderance of the evidence:

    a. The conspiracy to murder Jimmy S. "Bo" Chunn as charged in Count 1 of the Indictment, from on and about June 5, 2005 and continuing until December 15, 2005;

b.  The conspiracy to manufacture 50 grams or more of methamphetamine, as charged in Count 3 of the Indictment, from on and about June 5, 2005 and continuing until December 15, 2005.

Defendant Taylor was a Member of the Conspiracies Charged in Counts 1 and 3

2.  The Government has established that Defendant Taylor was a co-conspirator who personally participated in the conspiracies charged in Counts 1 and 3 of the Indictment:

   a.  As to the conspiracy charged in Count 1 of the Indictment, from on and about June 5, 2005 and continuing until December 15, 2005;

   b.  As to the conspiracy charged in Count 3 of the Indictment, from on and about June 5, 2005 and continuing until December 15, 2005.

Co-Conspirators of Defendant Taylor

3.  The Government has established by a preponderance of the evidence that the following individuals were co-conspirators who, together with Defendant Taylor, participated in the conspiracies as specified:

   a.  William J. Watson was a co-conspirator who participated in the conspiracies charged in Counts 1 and 3 of the Indictment, from on and about June 5, 2005 and continuing until December 15, 2005, primarily by agreeing to obtain anhydrous ammonia for Defendant Taylor in exchange for the murder of Jimmy S. "Bo" Chunn by Defendant Taylor.

   b.  Michael Thomas Brown was a co-conspirator who participated in the conspiracy charged in Count 3 of the Indictment, from on and about June 5, 2005 and continuing until December 15, 2005, primarily by asking Defendant Taylor to acquire anhydrous ammonia to manufacture methamphetamine for the benefit of the Aryan Brotherhood.

Independent Evidence of the Conspiracies

4. The Court's findings of fact above are supported by the co-conspirators' statements, the testimony of FBI Special Agent Theodore Griego, the November 10, 2005 recorded statement of Defendant Taylor and Michael Thomas Brown's plea agreement.

The Court's findings regarding independent evidence are consistent with the Tenth Circuit and United States Supreme Court precedent.  Under *Bourjaily v. United States,* "there must be *some* independent evidence linking the defendant to the conspiracy." 483 U.S. 171, 175 (1987) (citing *Owens*, 70 F.3d 1118 at 1124- 25 (emphasis added)).  Such independent evidence may be sufficient even if it is not "substantial." *Owens*, 70 F.3d at 1125 (citing *United States v. Rascon*, 8 F.3d 1537, 1541 (10th Cir. 1993)).  The *Owens* defendant contended that *Bourjaily* suggested that "independent evidence" must come from some source other than a member of the conspiracy or that it cannot be an out-of-court statement by a coconspirator to a government agent during an investigation.  The Tenth Circuit rejected that contention, and defined "independent evidence" for this purpose "simply as 'evidence other than the proffered [co-conspirator] statements themselves.'" *Id*. (citing *United States v. Martinez*, 825 F.2d 1451, 1453 (10th Cir. 1987)).  Further, co-conspirator testimony regarding "direct observations and contacts with defendant" has been held to qualify as independent evidence.  *United States v. Hernandez*, 829 F.2d 988, 995 (10th Cir. 1987).

Statements Made in Furtherance of the Conspiracies

5. With the exception of the statement described as the December 14, 2005 conversation between Ronnie Black and William Watson (Doc. 501), and the three statements made after December 15, 2005, the seven other statements set forth in the Government's notices of co-conspirator statements are admissible during the guilt phase of the trial

5

under Rule of Evidence 801(d)(2)(E).[2]  The Government has met its burden of showing that these statements were made in furtherance of the conspiracy(ies), indicating either an effort to conceal criminal acts, a facilitation of the purpose of the conspiracy(ies), an update on the status of the conspiracy(ies) or role of the Defendant within the conspiracy(ies).

The Government has represented that it does not intend to offer the December 14, 2005 statement, based on Watson's conversation with Ronnie Black (Doc. 501), as a co-conspirator statement, since Black is not a co-conspirator.  However, the Court agrees with the Government that the statement is admissible because it is not offered for the truth of the matter asserted. Fed.R.Evid. 801(c). Rather, the statement is being offered in order to show that Watson lied to Black in order to avoid arousing suspicion as to why he was purchasing such a large amount of anhydrous ammonia outside of the growing season.

The Court defers ruling until trial regarding the July 6, 2006 letter from Brown to Donald Wilson, the July 30, 2006 letter from Brown to Wilson, and the March 15, 2007 phone conversation between Wilson and Brown.  The dates of these three statements fall outside the dates of the conspiracies as charged in the Indictment.  A declaration which is made after the termination of the conspiracy does not fall within the hearsay exception.  *Woodring v. U.S.*, 367 F.2d 968, 969 (10th Cir. 1966).  The Court recognizes that it is irrelevant whether these statements were not made in the time frame charged in the Indictment.  *See United States v.*

---

[2]  Specifically, there are five statements set forth in Doc. 517 (October 21, 2005 recorded conversation between Watson and undercover Agent Pete McCarthy, two phone calls on December 13, 2005 and one on December 14, 2005 between Watson and Agent McCarthy, a December 15, 2005 recorded conversation between Watson and McCarthy; one statements set forth in Doc. 427 (July 21, 2005 phone conversation between Wilson and Brown; and one statement set forth in Doc. 494 (conversation between Watson and McCarthy).

*Godinez*, 110 F.3d 448, 454 (7th Cir.1997).  However, it is unclear to which conspiracy(ies) these statements refer, and how these statements were made in the course of, or in furtherance of, said conspiracy(ies).[3]  The Court will expect the Government to clarify, or flesh out, this issue at trial, at which time the Court will rule on the admissibility of these statements.

## CONCLUSIONS OF LAW

1. The Court grants Defendant's Motion for a *James* Hearing to determine the Admissibility of Co-Conspirator Statements **(Doc. 357)**.

2. The Court concludes that, with the exception of the December 14, 2005 statement based on Watson's conversation with Ronnie Black, the statements set forth in the Government's brief and supplemental briefs (Docs 417, 427 and 494) regarding identification of co-conspirator statements are admissible during the guilt phase of the trial under Rule of Evidence 801(d)(2)(E).

3. With the exception of the December 14, 2005 statement based on Watson's conversation with Ronnie Black, each of the statements set forth in the Government's briefs (Docs.

---

[3] The Government's brief refer to the conspiracy to manufacture methamphetamine. Doc. 517 at 12.  However, the facts presented at the *James* hearing suggest that this conspiracy ended in December 2005, when undercover agent McCarthy picked up the anhydrous ammonia after meeting with Watson.  In order to include statements made after that point in time, the Government is required to show some independent evidence that the methamphetamine conspiracy existed and continued past December 15, 2005, and show how the statements were made in the course of and in furtherance of that conspiracy.

The Court also notes that in past pleadings, the Government has mentioned the existence of "the conspiracy to make Defendant a full member of the Aryan Brotherhood" which "extended until at least March 15, 2007, when co-defendant Michael Brown and a confidential informant engaged in an in-person conversation during which Brown discussed whether the confidential informant should sponsor Defendant for full membership in the Aryan Brotherhood." Doc. 442 at 10.  This appears to be a third conspiracy, which is not charged in the Indictment -- and need not be in order for a coconspirator statement to be admitted.  *See United States v. Coppola,*, 526 F.2d 764 (10th Cir.1995).  However, the Government would still be required to prove the existence of such a conspiracy at trial through independent evidence." *Id* at 770.

417, 427 and 494) was made in the course and furtherance of the relevant conspiracy(ies).

4. Watson's statements to Ronnie Black (who was not a member of the conspiracy(ies) is admissible under Fed.R. Evid. 801(c) because it is not hearsay, as it is not offered for the truth of the matter asserted.

5. The Court defers ruling until trial regarding the July 6, 2006 letter from Brown to Donald Wilson, the July 30, 2006 letter from Brown to Wilson, and the March 15, 2007 phone conversation between Wilson and Brown.

6. The Government has provided an adequate factual basis to establish the existence of the conspiracies charged by a preponderance of the evidence. Defendant's arguments that some of the statements were made as a result of intimidation or entrapment are speculative, and not based on any evidence presented.

7. The declarant of each statement set forth in the Government's briefs (Docs. 417, 427 and 494) was a member of the relevant conspiracy(ies), and each statement is offered against Defendant Taylor, who was also a member of the conspiracy.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE