IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                     No. CR 07-1244 WJ

DONALD SCOTT TAYLOR

       Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**
**<u>DENYING REQUEST FOR STAY PENDING APPEAL</u>**
**<u>and</u>**
**<u>DENYING AS MOOT MOTION TO CERTIFY AS FRIVOLOUS</u>**
**<u>NOTICE OF INTERLOCUTORY APPEAL</u>**

THIS MATTER comes before the Court upon Defendant's Motion to Stay Trial and All Further Proceedings Pending Appeal, filed September 21, 2009 (**Doc. 530**) and the Government's Motion to Certify as Frivolous the Notice of Interlocutory Appeal, filed September 22, 2009 (**Doc. 536**).[1]  Having considered the parties' briefs and the applicable law, I find that Defendant's motion is not well-taken and will be denied, and that the Government's motion will be denied as moot.

**Background**

On September 18, 2009, the Court denied Defendant's motion to strike the future dangerousness and victim impact aggravating factors contained in the Government's informative

---

[1]  The Government's reply in this motion is due Wednesday, September 30, 2009. In light of the Court's disposition of this motion, no reply is necessary.

outlines.  Doc. 518.[2]  18 U.S.C. § 3593 requires the Government to provide notice stating that the Government believes that a sentence of death is justified if the defendant is convicted, and setting forth the aggravating factor or factors that the Government proposes to prove as justifying a sentence of death. The Defendant had argued that the Government provided untimely notice of its intent to use several aggravating factors to convince a jury in the penalty phase that the death penalty was warranted.  The Court rejected Defendant's challenge, finding that the Government's Notice of Intent to Seek a Penalty of Death in this case was timely filed and was in full compliance with all the Government's obligations, and that the informative outlines filed by the Government generally complied with the Court's orders and were provided early enough to allow Defendant adequate time to prepare a meaningful defense against the Government's aggravation evidence.  However, the Court also found that neither the original Outline nor either of the subsequent amendments to it provide Defendant with sufficient notice of the nature of the victim impact evidence the Government intends to introduce and ordered the Government to provide Defendant with an amended informative outline specifying the general nature of its proposed victim impact evidence.  The Court denied Defendant's motion to strike the future dangerousness and victim impact aggravating factors, to grant a continuance of the trial, or to exclude any of the evidence set forth in the Government's outlines.

On September, 21, 2009, Defendant filed a Notice of Interlocutory Appeal, and subsequently filed a motion requesting a stay in this case pending appeal.  Defendant contends that the Court's Order denying the motion to strike aggravating factors is an exception to the final judgment rule, and as such is immediately appealable under *Cohen v. Beneficial Indus.*

---

[2]   In the alternative, Defendant sought to exclude the evidence set forth in the Government's informative outline.  Doc. 429.

*Loan Corp.*, 337 U.S. 541 (1949).

The Government has filed a response to the motion and also a motion asking the Court to certify the appeal as frivolous.  The Government's position is that the Tenth Circuit does not have jurisdiction over the appeal because the order being appealed by Defendant does not qualify as a collateral order from which an interlocutory appeal may be taken.  In the alternative, the Government contends that Defendant's interlocutory appeal is frivolous on its merits.

### Discussion

As announced in *Cohen*, in order to qualify as a collateral order from which an interlocutory appeal may be taken, three factors must be satisfied.  First, the challenged order must finally dispose of the disputed question. Second, the order must resolve an issue completely separate from the merits of the case.  Finally, the issue must involve a claimed right that would be effectively unreviewable after a final judgment. *See Cohen*, 337 U.S. at 546; *Abney v. United States*, 431 U.S. 651, 659-60 (1977); *Garrett v. Stratman, M.D.*, 254 F.3d 946, 952 (10th Cir. 2001).  A district court may retain jurisdiction over a case when an interlocutory appeal is taken (1) if the pending matter is not involved in the appeal and (2) if the district court makes written findings that the appeal is frivolous.[3]

Defendant relies on cases from the Fourth Circuit and Eleventh Circuit which held that the denial of a motion to strike a notice of intent to seek the death penalty ("NOI") is a collateral order subject to interlocutory appeal.  *See United States v. Ferebe*, 332 F.3d 722, 724 (4th Cir.

---

[3] *See, e.g.*, *U.S. v. Musson*, 802 F.2d 384 (10th Cir. 1986) (court of appeals had jurisdiction to review interlocutory order regarding alienation of property, which was collateral to issue of innocence or guilt); *Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir.1990) (". . . a finding of frivolousness enable[s] the district court to retain jurisdiction and to proceed to trial absent intervention by the court of appeals").

2003); *United States v. Wilk*, 452 F.3d 1208, 1220 (11th Cir. 2006).  In *Ferebe*, the Fourth

Circuit accepted jurisdiction over the interlocutory appeal, holding that 18 U.S.C. §3593(a),

which requires the Government to give notice of its intent to seek the death penalty, establishes a

"right not to stand for a capital offense except upon adequate notice." *Id.* at 728.   In *Wilk*, the

Eleventh Circuit agreed with the Fourth Circuit without any explanation.  452 F.3d at 1220.

While not cited by the Defendant, the First Circuit has assumed without deciding that the Fourth

Circuit correctly applied the collateral order rule. *See United States v. Ayala-Lopez*, 457 F.3d

107, 108 (1st Cir. 2006).

        Disagreeing with its sister circuits, the Second Circuit expressly addressed this issue and

held that the denial of a motion to strike a NOI is *not* a collateral order subject to interlocutory

review. *See United States v. Robinson*, 473 F.3d 487, 491 (2d Cir. 2007) (finding it

"inappropriate to conclude that § 3593(a) creates a right not to stand trial. . . .").  It held that the

statute only gives the Defendant the right to be notified "a reasonable time before trial" that the

Government will seek the death penalty; it does not permit him to avoid trial altogether if the

Government violates this provision:

> There is no question that [the defendant] may be tried on the substantive charges
> on which he was indicted, regardless of whether or not the death penalty may be
> imposed. Rather, he contests only the government's authority to seek that penalty
> if he is convicted, without having given timely notice of its intention to do so.For
> this reason, the protection that § 3593(a) affords a defendant in [defendant's]
> position more closely resembles the protection afforded by any number of pretrial
> rights that involve notification or disclosure for the purpose of allowing the
> defendant to prepare his case. None of these rights amounts to a right not to stand
> trial and, of course, none supplies a basis for interlocutory review under the
> collateral order doctrine.

473 F.3d at 491-92

        The Tenth Circuit has not yet had occasion to consider this issue.  However, neither

4

*Ferebe* nor its progeny provide a reason for the Court to find that Defendant's appeal belongs within the narrow category of interlocutory appeals permitted by the collateral order doctrine. As the Government correctly points out, in *Ferebe*, Defendant sought to strike the NOI in its entirety on the basis that it was not provided to him sufficiently in advance of trial. *Ferebe*, 332 F.3d at 724. By contrast, Defendant in this case challenged only two of the aggravating factors, and evidence flowing from those two factors. Defendant does not seek to avoid trial, or even a capital sentencing phase. Thus, the underpinning of *Ferebe's* holding does not apply here, since Defendant would proceed to trial and to the subsequent penalty phase with or without the challenged aggravating factors. The Court sees no reason to apply *Ferebe* outside the bounds of the facts of that case. The rules of finality must be applied strictly in criminal prosecutions. *Abney v. U. S.*, 431 U.S. 651, 656 (U.S. 1977) ("[a]dherence to . . . rule of finality has been particularly stringent in criminal prosecutions. . . .").

The Court agrees with the Government's assessment of Defendant's argument as primarily an evidentiary issue – that any evidence of future dangerousness or victim impact should be excluded from any penalty phase. Because post-judgment review sufficiently protects Defendant's rights asserted in his appeal, the third *Cohen* prong is not met and interlocutory review is not appropriate.

### Conclusion

In sum, the Court concludes that Defendant's appeal does not qualify as an interlocutory appeal from a collateral order. Based on this finding, the Court need not address the Government's motion to certify Defendant's appeal as frivolous.

Further, regardless of whether the Court of Appeals entertains Defendant's appeal, the Court concludes that no stay of this case is necessary, since the issue Defendant raises on appeal

does not implicate the question of whether Defendant will stand trial for the crimes charged in the superseding indictment.[4]

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Stay Trial and All Further Proceedings Pending Appeal **(Doc. 530)** is hereby DENIED for reasons stated in this Memorandum Opinion and Order;

**IT IS FURTHER ORDERED** that the Government's Motion to Certify as Frivolous the Notice of Interlocutory Appeal **(Doc. 536)** is hereby DENIED as MOOT, in light of the Court's disposition of the matter based on Defendant's Motion to Stay.

_____
UNITED STATES DISTRICT JUDGE

---

[4] The issues which Defendant raise on appeal are in stark contrast to the double jeopardy and qualified immunity defenses discussed in *Stewart v. Donges*, 918 F.2d 572 (10th Cir. 1990) and *United States v. Hines*, 689 F.2d 934, 936- 7 (10th Cir. 1982), both of which involve a bar to having a defendant stand trial.